UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

ERIC WATTERS                                   CIVIL ACTION NO: 6:16-cv-577

VERSUS                                         JUDGE:_____

WAL-MART LOUISIANA, L.L.C.                     MAGISTRATE JUDGE:_____
AND WAL-MART STORES, INC.
                                               JURY TRIAL DEMANDED

## ORIGINAL COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff, ERIC WATTERS

(hereinafter, WATTERS**),** a competent major domiciled and residing in the Parish of Lafayette, State

of Louisiana, who represents that:

1.

## PARTIES

Made defendants herein are:

A.    **WAL-MART LOUISIANA, L.L.C.  and WAL-MART STORES, INC. d/b/a
      WAL-MART SUPERCENTER #0531** (hereinafter referred to as WAL-MART),
      a non-Louisiana Limited Liability Company authorized to do and actually doing
      business in the State of Louisiana, doing business as Wal-Mart Supercenter #0531
      located at 3142 Ambassador Caffery Pkwy, Lafayette, Louisiana 70506 who can be
      served  through its registered agent for service of process, CT Corporation System,
      3867 Plaza Tower Drive, Baton Rouge, LA 70816.

who are amenable to the courts of the State of Louisiana and are indebted unto plaintiff, for the

following, to wit:

1

2.

## JURISDICTION

This Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different States.

3.

## VENUE

Venue is proper in the United States District Court, Western District of Louisiana, Lafayette-Opelousas division pursuant to 28 U.S.C. §1391. The substantial part of the events or omissions giving rise to the claim that forms the basis of this suit occurred in this venue.

4.

## CAUSES OF ACTION

The petitioner, WATTERS asserts that the facts alleged herein give rise to causes of action pursuant to La.R.S. 9:2800.6, La.C.C.Art. 2315, 2316, 2317.1, 2320 and 2322 and that the defendants are liable to him for all damages arising therefrom.

5.

**<u>FACTS</u>**

On or about May 3, 2016 WATTERS was a customer at Wal-Mart located at 3142 Ambassador Caffery Pkwy, Lafayette, Louisiana 70506 .

6.

Upon information and belief therein, WAL-MART is the owner of the WAL-MART SUPERCENTER #0531(hereinafter referred to as the WAL-MART STORE) located at 3142 Ambassador Caffery Pkwy, Lafayette, Louisiana 70506.

7.

WAL-MART owes a duty to persons who use their premises, including WATTERS, to keep the aisles, passageways and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

8.

WATTERS was attempting to retrieve groceries located in a center floor cooler on a main isle at the WAL-MART STORE.

9.

The floor cooler was surrounded by several boxes of inventory placed upon pallets that , upon

information and belief in same, had been placed around the cooler by employees of WAL-MART.



10.

WAL-MART's employees placement of these pallets and boxes around the floor cooler created a condition that presented an unreasonable risk of harm to customers shopping near or around the cooler, namely creating a trip hazard and concealing trip hazards.

11.

WAL-MART is vicariously liable for the negligent acts of their employees while those employees are in the course and scope of their employment.

12.

At all times pertinent herein, the WAL-MART employees who placed the boxes around the cooler at the WAL-MART STORE were acting in the course and scope of their employment and WAL-MART is liable unto WATTERS for all damages arising from their employee's negligence.

13.

The cooler where WATTERS was attempting to obtain his groceries from at the WAL-MART STORE has a railing around the bottom of the floor cooler.



14.

The railing is secured to the floor by a mount.



15.

The mount that secures the railing to the floor is not visible when standing next to the railing.

16.

The railing and the mount that secured the railing to the floor, where WATTERS was attempting to obtain his groceries, was hidden and obscured by the boxes surrounding the railing and the mount. The boxes had been placed there by WAL-MART employees. The mount, which secured the rail to the floor, was further hidden and obscured to WATTERS because he was standing directly next to the floor rail.

17.

The location of the floor mount, namely that it is not visible to the customer while he is standing next to the railing, created an unreasonably dangerous condition.

18.

At all times pertinent herein WATTERS was standing next to the floor cooler looking to select his groceries from the floor cooler.

19.

WATTERS was scooting to his left when he was tripped by the hidden floor mount below the railing causing WATTERS to lose his balance.

20.

In an attempt to keep from falling to the floor, WATTERS reached out with his left arm and grabbed the top of the floor cooler which resulted in serious injuries to his left arm that required surgery.

21.

Upon information and belief therein, WAL-MART knew or in the exercise of reasonable care, should have known of the  unreasonably dangerous conditions that existed at the WAL-MART STORE at the time of the accident, including the pallets and boxes surrounding the floor cooler that created a trip hazard and concealed trip hazards and the hidden floor mount that mounted the rail surrounding the cooler to the floor,  that caused WATTERS to trip and suffer serious injuries and damages.

22.

Defendant, **WAL-MART** is liable unto WATTERS for all damages suffered by him as a

result of the negligence and/or fault of **WAL-MART,** which include the following acts of negligence

and/or fault:

A.     Cluttering the shopping area near the cooler with inventory and boxes;

B.     Failing to keep the aisles, passageways and floors in a reasonably safe condition, namely the failure to make a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage;

C.     Placement of the pallets and boxes around the cooler that created a condition that presented an unreasonable risk of harm to WATTERS, namely creating a trip hazard and concealing trip hazards.

D.     Constructing, installing and/or  allowing an unreasonably dangerous condition to exist at the WAL-MART STORE, namely the floor rail which presented a trip hazard to unsuspecting customers;

E.     Constructing, installing and/or  allowing an unreasonably dangerous condition to exist at the WAL-MART STORE, namely the floor mounts used to secure the rail surrounding the subject floor cooler to the floor which presented a trip hazard to unsuspecting customers including, WATTERS;

F.     Failing to exercise reasonable care to remove the danger of the hidden mount by mounting the railing to the cooler rather than the floor;

G.     Failing to exercise reasonable care to remove the danger of the hidden mount by warning customers of the location of the mounts;

H.     Failing to exercise reasonable care by building, placing and allowing a trip hazard to exist at the WAL-MART STORE, namely the  railing around the floor cooler;

I.     Failing to train and supervise their employees regarding the placement of inventory during business hours;

J.     All other acts and omissions, which may be discovered and shown at the trial of this matter.

8

23.

As a direct result of said accident and the negligence and fault of the defendants, WATTERS, suffered serious injuries consisting of, but not limited to, injuries to his arm that resulted in surgery.

24.

## DAMAGES

Plaintiff, **WATTERS**, has suffered damages in excess of $75,000 as a result of the preventable accident described herein, including, but not limited to, damages for physicians' professional services, prescription medications, future medicals, past, present and future pain and suffering, loss of enjoyment of life, disability and disfigurement as well as any other expenses/damages occasioned by the occurrence, for which the defendants are liable unto him.

WHEREFORE, plaintiff, **ERIC WATTERS** prays that the defendants, **WAL-MART LOUISIANA, L.L.C. and WAL-MART STORES, INC.,** be served with a copy of this Petition and be cited to appear and answer same and after a lapse of all legal delays and proceedings, that there be judgment in favor of plaintiff, **ERIC WATTERS** and against defendants, **WAL-MART LOUISIANA, L.L.C. and WAL-MART STORES, INC.**, severally, jointly and in solido, for all damages, general, special and exemplary, for which this Honorable Court finds reasonable, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings and for other general, equitable and specific relief, to which plaintiffs are entitled.

Respectfully submitted by:

DUCK LAW FIRM, LLC

/s/Kevin R. Duck
KEVIN R. DUCK (#23043)
5040 AMBASSADOR CAFFERY PKWY
SUITE 200
LAFAYETTE, LA 70508
TEL:  (337) 406-1144
FAX:  (337) 406-1050
**Counsel for Plaintiffs**